UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

MAY - 4 2021

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

STEPHEN CHRISTOPHER PLUNKETT §
§
§
v. §     CASE No.
§              TBD
§
SHERIFF OF FULTON COUNTY, ET AL. §

## 1:21-CV-1863

PLAINTIFF'S VERIFIED COMPLAINT PURSUANT TO 42 U.S.C. § 1983 AND OTHER STATE LAW CLAIMS, APPLICATION FOR EMERGENCY INJUNCTION/TRO.

COMES NOW THE PLAINTIFF IN THE ABOVE-STYLED CAUSE, STEPHEN CHRISTOPHER PLUNKETT, PRO SÉ, WITH THIS VERIFIED COMPLAINT FOR VIOLATIONS OF HIS CIVIL RIGHTS PURSUANT TO THE ABOVE-NAMED FEDERAL STATUTE, THE CONSTITUTION OF THE UNITED STATES OF AMERICA, AND ANY CONCOMITANT PROVISIONS OF GEORGIA STATE LAW OR ANY OTHER PROVISIONS OF FEDERAL OR STATE LAW UNDER WHICH PLAINTIFF IS DETERMINED BY THIS HONORABLE COURT TO STATE A VALID CLAIM FOR RELIEF.

AT THIS STAGE, ALTHOUGH PLAINTIFF DOES REQUEST AID OF THE COURT IN APPOINTMENT OF PRO BONO COUNSEL IN THIS ACTION DUE TO

THE COMPLEX NATURE OF THE CLAIMS, POTENTIAL FOR CLASS CER-
TIFICATION, NECESSITY FOR DISCOVERY INCLUDING DEPOSITIONS TO
PRESERVE TESTIMONY, AND AVAILABILITY OF EVIDENCE, PLAINTIFF
PLUNKETT IS CURRENTLY PROCEEDING PRO SÉ DUE TO HIS INDIGENCE
(SEE ATTACHED IN FORMA PAUPERIS DOCUMENTS).

ACCORDINGLY, PLAINTIFF PLUNKETT RESPECTFULLY REQUESTS THIS
HONORABLE COURT TO LIBERALLY CONSTRUE HIS PRO SÉ PLEADINGS
AND, IN ADDITION, GRANT PLAINTIFF OR ANY APPOINTED PRO BONO
COUNSEL LEAVE TO AMEND ANY SUCH PLEADING SO AS TO DETERMINE
PLAINTIFF'S CLAIMS ON THEIR MERITS RATHER THAN TECHNICALITIES.

PLAINTIFF PLUNKETT SEEKS (1) THE APPOINTMENT OF PRO BONO
OR OTHER COUNSEL AS DEEMED APPROPRIATE BY THE COURT TO BE
COMPENSATED, IF POSSIBLE, BY ANY AWARD OF ATTORNEYS' FEES
DETERMINED BY THE COURT TO BE APPROPRIATE AND/OR ANY RECOVERY
BY PLAINTIFF; (2) INJUNCTIVE RELIEF ENJOINING DEFENDANTS
FROM ENGAGING IN FURTHER CONDUCT DESIGNED TO DEPRIVE PLAINTIFF
OR ANY PROSPECTIVE CLASS MEMBER OF ANY CONSTITUTIONAL OR STA-
TUTORY RIGHTS SECURED HIM BY FEDERAL OR STATE LAW; (3) ORDERS
COMPELLING DEFENDANTS TO PRESERVE AND TURN OVER ANY AND
ALL VIDEOS, OTHER MEDIA, DOCUMENTS, COMMUNICATIONS, REPORTS,
MEMORANDA, IN ANY FORM, WHICH TEND TO SUPPORT PLAINTIFF'S CLAIMS;
(4) MONETARY DAMAGES, TO INCLUDE COMPENSATORY ███████,
FOR UNNECESSARY AND WANTON INFLICTION OF PAIN, BOTH PHYSICAL AND

EMOTIONAL, DISCOMFORT, ANXIETY, PHYSICAL IMPAIRMENT, MENTAL ANGUISH AND DISFIGUREMENT AGAINST ALL DENTAL/MEDICAL DEFENDANTS JOINTLY AND SEVERALLY IN THE AMOUNT OF $150,000 PER INDIVIDUAL DEFENDANT AND $350,000 PER FACILITY AND ORGANIZATIONAL DEFENDANT; (5) INJUNCTIVE RELIEF AS TO ACCESS TO COURTS/EQUAL PROTECTION DEFENDANTS PROHIBITING EACH FROM VIOLATING FEDERAL LAW BY ACTING AS UNAUTHORIZED POSTAL CARRIERS, FROM BLOCKING FULTON COUNTY JAIL INMATE ACCESS TO THE COURTS, AND ORDERING ACCESS TO COURTS/EQUAL PROTECTION DEFENDANTS TO PUT IN PLACE A PROPER SYSTEM DESIGNED TO HANDLE INMATE LEGAL MAIL PROPERLY AND TIMELY INCLUDING ACCESS TO CERTIFIED AND/OR REGISTERED MAIL SERVICE TO AFFECT PROPER LEGAL PROCESS AND SERVICE OF SUBPOENAS AND LOGGING INCOMING AND OUTGOING LEGAL OR SPECIAL MAIL AND THE TIMELY FILING OF INMATE LEGAL DOCUMENTS AS REQUIRED BY LAW; (6) ANY OTHER OR FURTHER RELIEF THE COURT DEEMS APPROPRIATE IN LAW AND EQUITY; (7) PUNITIVE DAMAGES OF $1,000,000 AS TO DEFENDANTS NAPHCARE AND TECHCARE.

IN SUPPORT OF THE FOREGOING, PLAINTIFF PLUNKETT SUBMITS ALL OF THE FOLLOWING TO THIS HONORABLE COURT UNDER PENALTY OF PERJURY:

## 1.

PLAINTIFF PLUNKETT WAS TRANSFERRED TO THE FULTON COUNTY JAIL THROUGH COURT PRODUCTION ORDER FROM THE GEORGIA DEPT. OF

Corrections on March 10, 2020. Plaintiff arrived at the Fulton County Jail with serious pre-existing medical conditions of a cardiac nature including high blood pressure, high cholesterol, and suffering from shock and blood pressure collapse when undergoing tooth extractions while conscious and under local anesthesia only.

Since March, 2020, due to Dental/Medical Defendants' policy, pattern and practice of denying substantive dental and medical care and providing nutritionally inadequate food, Plaintiff's dental and medical conditions have continued to deteriorate. Significantly, Plaintiff has developed thyroid issues; has developed worsened vision through glaucoma; and as is most relevant to this action, suffered a broken left rear tooth in the beginning of February 2021. In addition to a policy of denial of care by Naphcare and the Fulton County Jail, and nutritionally deficient diet, the Fulton County Jail provides inadequate implements for the proper care of dental hygiene. The Jail does not allow the purchase of flosses or mouth washes and provides access to tooth brushes only 2.5 - 3" in length. Further, though official Jail policy provides for teeth cleanings once per year, in practice this policy is not followed.

The Sheriff, Chief Jailer, Medical Director and Naphcare corporate engage in this policy, pattern and

PRACTICE OF DENYING ACCESS TO ADEQUATE DENTAL/ME-
DICAL CARE KNOWINGLY AND WILFULLY UNDER COLOR OF
STATE LAW IN BREACH OF THEIR Statutory, Constitutional,
AND CONTRACTUAL DUTIES TO Plaintiff.

According to evidence which will be submitted by Plaintiff,
Naphcare secures its multi-million dollar contract with
the Fulton County Jail by making promises which Naphcare,
the Sheriff and Fulton County Jail staff know to be
impossible to fulfill; to wit, that Naphcare will handle
all medical/dental needs of inmates in-house and will
not send inmates out to other medical facilities for
treatment. Naphcare knows it cannot do so without
denying needed and serious medical/dental care to
inmates and Plaintiff.

In an effort to maintain its extremely lucrative
contract with the Fulton County Jail, both Naphcare
and the Fulton County Jail Medical/Dental staff and
administration have continued, and still continue at the
time of filing of the instant complaint, to deny
Plaintiff the serious dental/medical care he needs.
Defendants are deliberately indifferent to Plaintiff's
constant excruciating and debilitating pain and suffering
despite being made aware of same on multiple occasions
since February 5, 2021 and regularly through both

FORMAL AND INFORMAL MEANS VERBALLY AND IN WRITING INCLUDING "NAPHCARE MEDICAL DEPARTMENT SICK CALL REQUEST-MANAGED BY TECHCARE" FORMS FILLED OUT AND SUBMITTED, AT LEAST, ON FEBRUARY 5, 2021, MARCH 17, 2021, APRIL 2, 2021, APRIL 13, 2021 AND APRIL 18, 2021 (SEE ATTACHED EXHIBITS) AND NON-EMERGENCY MEDICAL AND EMERGENCY MEDICAL GRIEVANCES SUBMITTED, AT LEAST, ON MARCH 17, 2021, MARCH 19, 2021, APRIL 12, 2021 AND APRIL 18, 2021. GRIEVANCES MUST BE FILED VIA ELECTRONIC KIOSK AND CAN ONLY BE RETRIEVED OR ACCESSED BY JAIL STAFF. PLAINTIFF SUBMITTED AN OPEN RECORDS ACT REQUEST UNDER GEORGIA LAW TO THE SHERIFF SEEKING INFORMATION RELATED TO THIS ACTION ON MARCH 16, 2021. IN VIOLATION OF O.C.G.A. §§ 50-18-70, ET SEQ., THE SHERIFF HAS NOT EVEN RESPONDED AS REQUIRED AND IS IN DIRECT VIOLATION OF THE STATUTES.

AS STATED ABOVE, ON FEBRUARY 5, 2021, PLAINTIFF SUBMITTED HIS INITIAL MEDICAL REQUEST ON THE NAPHCARE/ FULTON COUNTY JAIL FORM NOTIFYING DEFENDANTS OF HIS SERIOUS CONDITION AND HIGH AND INTOLERABLE LEVEL OF PAIN.

IT IS EXPECTED BY PLAINTIFF THAT ORDERS COMPELLING DISCOVERY WILL BE NECESSARY FOR THIS COURT TO ASCERTAIN THE TRUTH AS DEFENDANTS ARE KNOWN TO ACT IN BAD FAITH AS RELATED TO THE VOLUNTARY PRO-DUCTION OF DOCUMENTS, COMMUNICATIONS AND OTHER EVIDENCE NOT SUP-PORTIVE OF THEIR POSITION AND WHICH WOULD TEND TO EXPOSE MALFEASANCE ON THEIR PART.

NADICARE AND TECHCARE ARE THE MEDICAL SERVICES COMPANIES THAT PROVIDE MEDICAL SERVICES FOR THE SHERIFF AND THE FULTON COUNTY JAIL. ON THIS INITIAL REQUEST FORM, PLAINTIFF ALSO NOTIFIED DEFENDANTS OF HIS PRIOR CARDIAC ISSUES WHILE UNDERGOING TOOTH EXTRACTION, PLAINTIFF STATED THAT DEFENDANTS COULD CHECK PLAINTIFF'S RECORDS WITH THE UNITED STATES PENITENTIARY IN ATLANTA AND WHEELER CORRECTIONAL FACILITY TO VERIFY THIS HISTORY.

APPROXIMATELY TEN DAYS LATER, SOMEONE FROM EITHER MEDICAL OR DENTAL CAME TO PLAINTIFF'S CELL DOOR AT CELL 513, 7 NORTH TOWER, ZONE 500 AND LOOKED THROUGH PLAINTIFF'S CELL DOOR WINDOW AND VERIFIED THE TOOTH WAS BRO-KEN. WITHIN THE NEXT TWO DAYS, PLAINTIFF BEGAN RECEIVING ANTIBIOTICS AND TYLENOL WITH HIS OTHER MEDICATIONS. NOTABLY, AT THAT TIME, PLAINTIFF WAS ALSO RECEIVING NAPROXEN SODIUM, AN OVER-THE-COUNTER NON-STE-ROIDAL ANTI-INFLAMMATORY DRUG, FOR HIS JOINT AND OTHER GENERAL PAIN. ACCORDINGLY, DUE TO THE INITIATION OF THAT PROTOCOL, IN ADDITION TO THE NAPROXEN, PLAINTIFF'S PAIN LEVEL DECREASED FROM DEVASTATING TO JUST "BAD." APPROXIMATELY A WEEK LATER, THE ANTIBIOTIC AND TYLENOL STOPPED.

THE DENTAL MEDICATIONS, UNEXPECTEDLY, RE-STARTED TWO DAYS LATER AFTER THE PAIN LEVEL JUMPED BACK UP TOWARD WHERE IT WAS BEFORE, THE PAIN LEVEL ONCE AGAIN DECREASED TO "BAD." APPROXIMATELY ANOTHER WEEK LATER, AROUND MARCH 5, 2021, THE DENTAL MEDICATIONS AGAIN DISAPPEARED. PLAINTIFF ASKED NURSE FLORENCE IF SHE WOULD RE-ORDER, OR ASK THE PA GIBSON TO RE-ORDER, PLAINTIFF'S NORMAL PAIN MEDICATIONS WHICH ALSO HAPPENED TO RUN OUT AROUND THE SAME TIME. PLAINTIFF WAS IN TROUBLE. HE JUST DIDN'T KNOW

HOW MUCH TROUBLE AT THAT TIME. FREQUENTLY, EVEN CHRONIC MEDI-
CATIONS ARE ALLOWED TO RUN OUT AT THE FULTON COUNTY JAIL. IF THIS
HAPPENS ON A THURSDAY OR FRIDAY, IT IS UNLIKELY TO BE REMEDIED BEFORE
MONDAY OR TUESDAY. OFTEN, INMATES CAN GO DAYS WITHOUT EVEN THEIR
CARDIAC, THYROID OR IMMUNE SYSTEM MEDICATIONS WHICH ARE CRUCIAL FOR
THEIR HEALTH AND WELL-BEING.

PLAINTIFF RECEIVED NO ANTIBIOTICS OR PAIN MEDICATIONS AT ALL
UNTIL THE FOLLOWING WEEK WHEN PLAINTIFF SAW PA GIBSON AND
ASKED GIBSON TO EXAMINE A MOLE WHICH HAD ONLY RECENTLY POPPED
UP BUT HAD GROWN TO THE DIAMETER OF A PENCIL ERASER AND WAS
HARD AND CRUSTY. PLAINTIFF HAPPENED TO SEE PA GIBSON WHILE
PLUNKETT WAS BEING TAKEN TO THE JAIL'S LAW LIBRARY. GIBSON
SAID HE WOULD SCHEDULE PLAINTIFF TO HAVE THE MOLE EXAMINED
AND WOULD RE-ORDER THE EXPIRED NAPROXEN. HE SAID HE HAD NO-
THING TO DO WITH DENTAL. THE LEVEL OF PAIN HAD ALREADY GONE
BACK UP TO EXCRUCIATING BY THE TIME THE NAPROXEN WAS RESTARTED.

PLAINTIFF BEGAN TO ASK THE NURSES IF THEY COULD PROVIDE HIM WITH
TYLENOL, AT LEAST, TO FURTHER REDUCE HIS PAIN. THEY STATED, BY POLICY,
THEY COULD NOT DISPENSE ANYTHING WITHOUT AN ORDER. ALTHOUGH
THE PAIN WAS ALREADY EXCRUCIATING, IT BEGAN INCREASING EVEN MORE
IN INTENSITY EACH DAY UNTIL IT WAS TRULY DEBILITATING. ON
MONDAY, MARCH 15, 2021, 33 DAYS INTO THE SAGA, PLAINTIFF
FILED A MEDICAL GRIEVANCE ON THIS ISSUE ON THE KIOSK IN THE
DORM. ON TUESDAY, MARCH 16, 2021, PLAINTIFF WAS ESCORTED TO THE

JAIL LAW LIBRARY BY DEPUTY MARTHONE. PLAINTIFF MENTIONED THE EXTREME PAIN HE WAS IN TO MARTHONE AND SAID HE WOULD TRY TO MAKE IT THROUGH BECAUSE PLAINTIFF HAD AN IMPORTANT HEARING ON MARCH 19, 2021. BY WEDNESDAY, MARCH 18, 2021, PLAINTIFF COULD NOT EAT REGULAR FOOD, WAS NAUSEOUS AND VOMITING, AND HAD PAIN WHICH COULD ONLY BE DESCRIBED AS A KNIFE BEING STABBED INTO HIS JAW AND RADIATING OUT TO THE VERY TOP OF HIS HEAD AND THE BASE OF HIS NECK.

WHEN DEPUTY MARTHONE CAME ON THE 18TH TO ESCORT PLAINTIFF TO THE JAIL LAW LIBRARY FOR HIS FINAL VISIT OF THE WEEK, PLAINTIFF WAS FORCED TO REFUSE THIS VISIT ALTHOUGH PLAINTIFF DESPERATELY NEEDED TO USE THAT TIME TO PREPARE. THE PAIN, SWELLING HAD SIMPLY BECOME TOO DEBILITATING. AND IF PLAINTIFF WENT TO THE LAW LIBRARY, IT WAS POSSIBLE PLAINTIFF WOULD MISS "PILL CALL" AND HIS ONLY CHANCE THAT MORNING TO SEEK RELIEF. WHEN THE PILL NURSE ARRIVED THAT MORNING, PLAINTIFF AGAIN ASKED FOR TYLENOL AND WAS REFUSED. PLAINTIFF FOUND ANOTHER INMATE AND PURCHASED, WITH COMMISSARY GOODS, FOUR IBUPROFEN 200 PILLS EVEN THOUGH THEY ARE THE SAME CLASS OF DRUG AS THE NAPROXEN. PLAINTIFF WAS WILLING TO RISK KIDNEY DAMAGE AT THAT POINT TO ACHIEVE SOME RELIEF. NONE CAME.

PLAINTIFF PURCHASED ANOTHER 800 MG IBUPROFEN A COUPLE OF HOURS LATER STILL, NO RELIEF CAME. PLAINTIFF ATTEMPTED TO DIP BREAD IN WATER AND SWALLOW IT WHOLE TO PUT SOMETHING ON HIS STOMACH SO AS NOT TO CREATE ULCERS AND INTERNAL BLEEDING WITH ALL OF THE NSAID's HE HAD TAKEN. WHEN PILL NURSE

Bryant came with the pill cart, Plaintiff requested not only Tylenol again, which Nurse Bryant said she could not provide, but Plaintiff requested to go to Medical to be seen because this had now quickly escalated to no longer simply a "Dental" issue, and was then, at that time, a serious medical issue. Plaintiff did not sleep at all the night of the 17th going into the morning of the 18th. Sleep was impossible.

Plaintiff was denied going to medical at that time. Instead, Nurse Bryant stated she called and was told to provide Plaintiff with 800 mg Ibuprofen and Instant Hot Compresses. Plaintiff explained that Tylenol works better in combination with NSAID's instead of piling NSAID's on top of more NSAID's. Plaintiff told Nurse Bryant again he needed to go to medical because he needed more serious pain relief and attention. Plaintiff could do nothing as he was locked behind a steel door.

At shift change that night, around 11 P.M., March 17, 2021, Plaintiff saw an opportunity to seek some relief. Although Plaintiff follows all institution rules and has no disciplinary issues, Plaintiff had seen other inmates "act out" and receive the attention they sought. Accordingly, when the doors opened for head count, Plaintiff had determined not to go back in his cell after count and to climb on "the ledge," if necessary, exposing himself to both disciplinary action and physical force in an effort to seek relief.

10

When head count was finished, Plaintiff did not go back into his cell as he was told and, instead, walked over and approached "the ledge." As he did this, Plaintiff informed Deputy McClendon and Sergeant Joseph that Plaintiff needed to go to medical and the reason. Sergeant Joseph assured Plaintiff he would be taken down to medical. While hesitant, Plaintiff re-entered his cell upon the assurances of Sergeant Joseph. Some time later, at approximately 12:30 AM on March 18, 2021, Deputy McClendon did escort Plaintiff down to medical. Plaintiff saw a nurse who provided two Tylenol or acetaminophen and a long Q-tip with Drajel or lidocaine. After several minutes, the lidocaine did offer some relief. The nurse said he could do no more. He stated that Plaintiff was supposed to have been treated on March 10, 2021, but the nurse was not sure why that had not happened. The nurse also stated he would speak to the "Medical Director."

After this encounter, Plaintiff was able to finally get a small amount of rest that morning before his hearing in Superior Court. During the week of March 22, 2021, Plaintiff was finally escorted down to Dental where a cursory dental exam was performed and x-rays were finally taken. Plaintiff was told, after filling out a "Consent to Treatment," and being examined by a Jane Doe, that he would be provided with more antibiotics, proper pain management, and an oral rinse until his oral surgery could be scheduled.

This was a lie by Defendant Doe. Plaintiff was once again, for the third time, placed on antibiotics and given an oral rinse for two days. However, no proper pain management was implemented. In fact, since that date, Plaintiff has been denied even access to over-the-counter Orajel despite multiple verbal and written requests for same. In addition, due to Fulton County Jail / Naphcare / Techcare policies by which "pill call" comes only twice per day and at various times depending upon the nurse performing this duty, Plaintiff has been forced to endure periods of up to 20 hours between his doses of inadequate acetaminophen causing more unnecessary pain and suffering.

On April 2, 2021, a Friday, Plaintiff filed another request noting his antibiotics had run out again. Things went from worse to intolerable. Almost immediately the swelling and inflammation returned with even more vengeance. The pain became like a dagger being stabbed into Plaintiff's jaw radiating from the top of the head to the base of the neck and very sharp and intense. Finally, on the morning of April 9, 2021, a different antibiotic was started. Plaintiff, that date, again had a hearing in Superior Court where he noted his discomfort to that Court.

On April 11, 2021, Plaintiff noticed the tooth immediately adjacent the broken tooth had begun to turn black. Just days earlier, that tooth was as white as all of ~~Plaintiff's~~ other teeth. The infection had spread and was causing the death of the adjacent tooth. On April 12, 2021, Plaintiff submitted another emergency medical grievance noting this new development, the continued pain being debilitating, and demanding emergency oral surgery.

On April 13, 2021, during a sick call appointment with P.A. Samuel Gibson from approximately 12:20 - 12:50 P.M., Plaintiff again complained about his dental issue. P.A. Gibson stated that he wished he could help, but he has no involvement with dental. Gibson stated "Naphcare pays nothing when an inmate goes to Grady for treatment, but they maintain their contract with the Sheriff through promising the Sheriff and/or Jail that [Naphcare] will take care of all inmate needs in house, which [Naphcare] knows [Naphcare] cannot do by denying sending inmates out to save the Sheriff money." Gibson further stated "The dental care through the Fulton County Jail has been horrible for years and the same dentists have been here for years." Gibson stated "Tooth pain is the worst pain, I was in Mexico and had a filling fall out of a tooth. I told my

HOTEL TO FIND ME A DENTIST. I DIDN'T CARE WHAT IT COST ME. I ENDED UP PAYING $5,000 U.S. TO GET THE TOOTH FIXED THAT NIGHT BECAUSE THE PAIN WAS SO INCREDIBLE."

ON APRIL 17, 2021, DENTIST SHEPARD CAME TO MY CELL IN 7N 500/514 TO ASK ME WHAT WAS WRONG. HE CAME WITH SGT. WADE. WHEN I BEGAN TO EXPLAIN AND SHOW HIM (SHEPARD), HE ACTED AS IF NOTHING PREVIOUS TO THIS POINT HAD HAPPENED. HE (SHEPARD) STATED HE WOULD GET ME SCHEDULED TO BRING ME DOWNSTAIRS TO PULL THE TEETH. I INFORMED HIM ONCE AGAIN THAT I CANNOT PROCEED UNDER THOSE CONDITIONS FOR MEDICAL REASONS AND TOLD HIM ABOUT THE SHOCK AND WHERE THEY WOULD GO TO OBTAIN THOSE RECORDS. HE STATED "YOU CAN WAIT IF YOU WANT, BUT IT WILL TAKE A YEAR TO GET TO GRADY." I ATTEMPTED TO REASON WITH HIM, BUT HE ONLY WANTED TO ARGUE. IT WAS THEN THAT I DETERMINED TO FILE THIS ACTION AND TOLD SHEPARD THAT I ONLY ARGUE IN A COURTROOM AND WOULD SEE HIM THERE.

THE LAST ROUND OF ANTIBIOTICS HAVE SINCE RUN OUT, THE PAIN FOR PLAINTIFF IS DEBILITATING, AND PLAINTIFF (AS WELL AS OTHER SIMILARLY-SITUATED INMATES) ARE/IS IN NEED OF EMERGENCY INTERVENTION BY THIS COURT. PLAINTIFF IS IN SERIOUS DANGER OF BONE LOSS, ABCESS, FURTHER INFECTION AND SEPSIS. DEFENDANTS ARE ALL AWARE OF THIS SERIOUS

DENTAL (NOW MEDICAL) NEED AND ARE DELIBERATELY
INDIFFERENT TO SAME CAUSING SERIOUS RISK OF FURTHER
PAIN AND FUTURE HARM TO PLAINTIFF.

DEFENDANTS, IN ADDITION, HAVE BREACHED THEIR
PRIVATE, PUBLIC AND LEGAL DUTIES TO PLAINTIFF IN
VIOLATION OF O.C.G.A. §§ 51-1-6, 51-1-7 AND 51-1-8.
DEFENDANTS HAVE NOT EXERCISED THE PROPER STANDARD OF
DENTAL/MEDICAL CARE. DEFENDANTS HAVE BEEN PUT ON
NOTICE MULTIPLE TIMES AND THROUGH VARIOUS MEANS AVAILABLE
TO PLAINTIFF THAT PLAINTIFF HAS FACED, AND DOES STILL
FACE, A SUBSTANTIAL RISK OF SERIOUS HARM AND HAVE
DISREGARDED, AND CONTINUE TO DISREGARD THESE RISKS BY
TAKING REASONABLE MEASURES TO ABATE THEM.

THESE HARMFUL ACTS BY DEFENDANTS WERE AND ARE
INTENTIONAL. P.A. GIBSON INFORMED PLAINTIFF, ON APRIL 22,
2021, THAT PLAINTIFF HAD BEEN SCHEDULED FOR ORAL SURGERY
TREATMENT ON MARCH 10, 2021, BUT SAID APPOINTMENT WAS
CANCELLED FOR NO REASON APPARENT TO GIBSON. THESE ACTS
WERE DONE IN RETALIATION FOR PLAINTIFF FILING A MOTION
IN FULTON COUNTY SUPERIOR COURT TO HOLD SHERIFF
LABAT AND CHIEF JAILER JACKSON IN CONTEMPT FOR
THEIR FAILURE TO COMPLY WITH AN ORDER OF THAT COURT
GRANTING PLAINTIFF ACCESS TO THE FULTON COUNTY JAIL'S
LAW LIBRARY.

These harmful acts by Defendants have caused, and continue to cause, the unnecessary and wanton infliction of physical and emotional pain and suffering, extreme discomfort, exhaustion and sleep deprivation, anxiety to Plaintiff and his family, distress, mental anguish, physical impairment, the lack of ability to eat normally, and disfigurement.

Some of Defendants' liability as employers is established by O.C.G.A. §§ 51-2-5 under subsections 3, 4, and 5 and 6. Defendants have acted intentionally and wantonly.

In the event, Defendants' acts are found to be not intentional, said acts were, at a minimum, done recklessly disregarding substantial risk of serious harm to Plaintiff. In all instances relevant to this action, Defendants Labat, Jackson, Fulton County Jail, Naphcare and Techcare have ratified, in their official capacities, the deliberate indifference and malpractice of the individual dental/medical Defendants as the term Ratification is defined in O.C.G.A. §51-1-12.

The Sheriff, Chief Jailer Jackson, Fulton County Jail have failed to provide Plaintiff adequate dental/medical care in violation of O.C.G.A. §§ 42-4-32(d) and 42-4-51(b) by operating under a knowing policy, pattern and practice of encouraging their dental/medical service providers Naphcare, Techcare and the individual dental/medical

Defendants to deny inmates, including Plaintiff, access to dental/medical care in an effort to save money despite the significant risk of serious harm to inmates, including Plaintiff, resulting in further and additional injury, pain and suffering to Plaintiff.

At all times relevant to the events described in this action, each individual Defendant was and is acting as an agent for the Sheriff, the Fulton County Jail, Naphcare and Techcare and within the scope of his or her employment and according to the policies and practices of said Principals.

Plaintiff files this action now for emergency dental/medical reasons to seek intervention of this Court. Plaintiff believes he will not receive the emergency treatment needed until Defendants are forced to proceed by court order. Accordingly, in addition to all other relief requested, Plaintiff seeks an emergency injunction or temporary restraining order prohibiting Defendants from withholding necessary and adequate pain management and emergency oral surgery. P.A. Gibson took a photo of Plaintiff's teeth on his mobile phone and is in possession of said photo. Gibson stated the area of infection was obvious and he knows how painful it must be. P.A. Gibson is willing to testify on behalf of Plaintiff, but due to his current position, Plaintiff believes Gibson will not do so without a subpoena. However, Plaintiff herein has provided what Plaintiff believes will be the substance of Gibson's testimony.

In an effort to move forward with the emergency nature of the instant claims, Plaintiff seeks leave of the Court to amend his complaint to add his other claims and potentially certify a class of all Fulton County Jail inmates for certain Defendants' interference with inmate mail and Constitutional violations of Plaintiff's, and other similarly-situated inmates', access to the courts through such interference. Plaintiff seeks leave to amend to add these claims after Plaintiff's dental/medical emergency and debilitating pain has abated.

WHEREFORE, Plaintiff respectfully PRAYS:

(a) That this Court issue an emergency injunction or TRO prohibiting Defendants from withholding adequate and emergency care for Plaintiff's serious dental/medical needs;

(b) That Defendants bear all costs of this action, including attorney's fees and expenses of litigation including expert witnesses;

(c) That Plaintiff have judgment against Defendants; and

(d) That Plaintiff be granted such other and further relief as this Court deems just, equitable, and proper including, but not limited to, punitive damages to deter future misconduct of Defendants.

RESPECTFULLY SUBMITTED AND SWORN UNDER PENALTY OF
PERJURY THAT ALL OF THE FOREGOING IS TRUE AND CORRECT TO
THE BEST OF MY KNOWLEDGE AND BELIEF. THIS 23RD DAY OF APRIL,
2021.

RESPECTFULLY,

STEPHEN C. PLUNKETT
PLAINTIFF, PRO SE
1108377
FULTON COUNTY JAIL
901 RICE STREET
ATLANTA, GA 30318

## NAPHCARE MEDICAL DEPARTMENT
## SICK CALL REQUEST-MANAGED BY TECHCARE

| | Date and Time Received | Received By |
|---|---|---|
| | | |

| Name (Nombre) | Date of Birth (Fecha de Nacimiento) | Location/Unit (Posicion/Unidad) | Inmate Number (Número de Recluso) | Today's Date (Fecha de Hoy) |
|---|---|---|---|---|
| STEPHEN PLUNKETT | 3/16/1975 | 7N/519 | 1108377 | 2/6/21 |

**Complaint (Queja)**

MY LEFT SIDE / TOP WISDOM TEETH BROKE. IT IS VERY PAINFUL. IT NEEDS TO BE REMOVED

BUT BECAUSE OF MY MEDICAL HISTORY, I MUST BE UNDER GENERAL ANESTHESIA. IF NOT I WILL GO INTO

SHOCK UNDER LOCAL AND BLOOD PRESSURE WILL COLLAPSE. YOU MAY CHECK MY MEDICAL FILE FROM BOTH

WHEELER CORRECTIONS FACILITY AND TO FEDERAL BUREAU OF PRISONS.

Inmate Signature (Firma de Recluso)

| TRIAGE | Action Taken | ☐ Refer to Provider – Sick Call; ☐ Refer to MH – Sick Call; ☐ Refer to MH – Chart Review ☐ Refer to Medical Records; ☐ Refer to OB/GYN; ☐ Refer to Dental ☐ Refer to Optometry; ☐ Nursing Protocol Initiated ☐ Other: _____ |
|---|---|---|

| Face to Face Date | Face to Face Time | Staff Signature |
|---|---|---|
| | | |

**Nursing**

**S:**

| O: | Temp | Pulse | Resp | O2 Sat | B/P |
|---|---|---|---|---|---|
| | | | | | |

**A:**

**P:**

**E:**

| Nurses / Provider Signature | Date Completed | Time Completed |
|---|---|---|
| | | |

**For Jail Use Only**

**CoPay**

☐ MD/NP/PA Visit ($5.00)

## NAPHCARE MEDICAL DEPARTMENT
### SICK CALL REQUEST-MANAGED BY TECHCARE

| Date and Time Received | Received By |
|---|---|
| 3/17/21 | |

| Name (Nombre) | Date of Birth (Fecha de Nacimiento) | Location/Unit (Posicion/Unidad) | Inmate Number (Número de Recluso) | Today's Date (Fecha de Hoy) |
|---|---|---|---|---|
| STEPHEN PLUNKETT | 3/16/75 | 513/7N | 1108377 | 3/17/21 |

**Complaint (Queja)**

SEE EMERGENCY MEDICAL GRIEVANCE FILED 3/17/21. EXCRUCIATING,

UNBEARABLE TOOTH PAIN CAUSING NAUSEA, VOMITING, HEART PALPITATION,

LOSS OF SLEEP, LOSS OF CONCENTRATION, PAIN FROM TOP OF HEAD TO BASE OF

NECK. NEED EMERGENCY DENTAL SURGERY.

**Inmate Signature (Firma de Recluso)**

_Stephen Plunkett_

**TRIAGE**

**Action Taken**
☐ Refer to Provider – Sick Call;   ☐ Refer to MH – Sick Call;   ☐ Refer to MH – Chart Review
☐ Refer to Medical Records;   ☐ Refer to OB/GYN;   ☐ Refer to Dental
☐ Refer to Optometry;   ☐ Nursing Protocol Initiated ☐ Other:

| Face to Face Date | Face to Face Time | Staff Signature |
|---|---|---|
| | | |

**Nursing**
S:

| O: | Temp | Pulse | Resp | O2 Sat | B/P | |
|---|---|---|---|---|---|---|
| | | | | | | |

A:

P:

E:

| Nurses / Provider Signature | Date Completed | Time Completed |
|---|---|---|
| | | |

**For Jail Use Only**

CoPay
☐ MD/NP/PA Visit ($5.00)

| **NAPHCARE MEDICAL DEPARTMENT**<br>**SICK CALL REQUEST-MANAGED BY TECHCARE** | | **Date and Time Received**<br>4/2/21 | **Received By** |
|---|---|---|---|

| Name (Nombre)<br>STEPHEN PLUNKETT | Date of Birth<br>(Fecha de Nacimiento)<br>2/6/75 | Location/Unit<br>(Posicion/Unidad)<br>7N/514 | Inmate Number<br>(Número de Recluso)<br>1108377 | Today's Date<br>(Fecha de Hoy)<br>4/2/21 |
|---|---|---|---|---|

**Complaint (Queja)**

THE ANTIBIOTICS FOR MY TOOTH RAN OUT. THE LAST TIME THEY RAN OUT MY

TOOTH PAIN BECAME UNBEARABLE. I AM IN CONSTANT PAIN, BUT I DEALT WITH THE ANTIBIOTICS,

MOUTH RINSE AND ORAJEL I CAN SLEEP SOME AT NIGHT

| | Inmate Signature (Firma de Recluso) |
|---|---|

**TRIAGE**

**Action Taken**
☐ Refer to Provider – Sick Call;  ☐ Refer to MH – Sick Call;  ☐ Refer to MH – Chart Review
☐ Refer to Medical Records;  ☐ Refer to OB/GYN;  ☐ Refer to Dental
☐ Refer to Optometry;  ☐ Nursing Protocol Initiated  ☐ Other: _____

| Face to Face Date | Face to Face Time | Staff Signature |
|---|---|---|

**Nursing**
S:

| O: | Temp | Pulse | Resp | O2 Sat | B/P |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |

A:

P:

E:

| Nurses / Provider Signature | Date Completed | Time Completed |
|---|---|---|

**For Jail Use Only**

CoPay
☐ MD/NP/PA Visit ($5.00)

| NAPHCARE MEDICAL DEPARTMENT SICK CALL REQUEST-MANAGED BY TECHCARE | | | Date and Time Received 4/18/21 | Received By |
|---|---|---|---|---|

| Name (Nombre) STEPHEN PLUNKETT | Date of Birth (Fecha de Nacimiento) 3/16/75 | Location/Unit (Posicion/Unidad) 514 / 7N 500 | Inmate Number (Número de Recluso) 1108377 | Today's Date (Fecha de Hoy) 4/18/21 |
|---|---|---|---|---|

**Complaint (Queja)**

IF MY ORAL SURGERY IS NOT GOING TO BE SCHEDULED IN THE NEXT 48

HOURS, THE ANTIBIOTIC NEEDS TO BE RESTARTED OR THE SWELLING IN MY MOUTH

IS GOING TO GET OUT OF CONTROL AND AN ABCESS WILL DEVELOP.

Inmate Signature (Firma de Recluso)

---

**TRIAGE**

**Action Taken**
- ☐ Refer to Provider – Sick Call;  ☐ Refer to MH – Sick Call;  ☐ Refer to MH – Chart Review
- ☐ Refer to Medical Records;  ☐ Refer to OB/GYN;  ☐ Refer to Dental
- ☐ Refer to Optometry;  ☐ Nursing Protocol Initiated  ☐ Other: _____

| Face to Face Date | Face to Face Time | Staff Signature |
|---|---|---|
| | | |

**Nursing**

S:

| O: | Temp | Pulse | Resp | O2 Sat | B/P |
|---|---|---|---|---|---|
| | | | | | |

A:

P:

E:

| Nurses / Provider Signature | Date Completed | Time Completed |
|---|---|---|
| | | |

**For Jail Use Only**

CoPay
☐ MD/NP/PA Visit ($5.00)

*SWORN AND VERIFIED*

**CIVIL RIGHTS COMPLAINT PURSUANT TO 42 U.S.C. § 1983**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA**



FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

MAY - 4 2021

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

STEPHEN CHRISTOPHER PLUNKETT
_____

(Enter above the full name and prisoner
identification number of the plaintiff, GDC
number if a state prisoner.)
GDC # 1001543904
FCJ # 1108377

-vs-

## 1:21-CV-1863

FULTON COUNTY SHERIFF, FULTON COUNTY JAIL,
NAPHCARE, CHIEF JAILER JACKSON, DENTIST SHEPARD,
JAIL MEDICAL DIRECTOR DOE, DENTAL STAFF JANE DOE,   } IN THEIR OFFICIAL AND
                                                       INDIVIDUAL CAPACITIES,
(Enter above the full name of the defendant(s).)
JAIL MEDICAL STAFF DOES, JAIL DENTAL STAFF DOES,

**I.     Previous Lawsuits** NAPHCARE DOES, TECHCARE, OFFICER BRAZIEL, CATHELENE ROBINSON

   A.   Have you filed other lawsuits in federal court while incarcerated in any institution?

                    Yes (  )     No (✗)

NOT FOR ANY TYPE OF INJURIES SUCH AS THESE, ONLY RELATED TO CRIMINAL CASES.

   B.   If your answer to A is yes, describe each lawsuit in the space below. (If there is
        more than one lawsuit, describe the additional lawsuits on another piece of paper,
        using the same outline.)

        1.   Parties to this previous lawsuit:

             Plaintiff(s):          N/A

             Defendant(s):          N/A

        2.   Court (name the district):
                                     N/A

        3.   Docket Number:          N/A

Rev. 12/5/07

I.    **Previous Lawsuits (Cont'd)**

4.    Name of judge to whom case was assigned: _____ N/A _____

5.    Did the previous case involve the same facts?

Yes (  )      No (  )

6.    Disposition (Was the case dismissed?  Was it appealed?  Is it still pending?):

_____
_____ N/A _____

7.    Approximate date of filing lawsuit: _____ N/A _____

8.    Approximate date of disposition: _____ N/A _____

II.   **Exhaustion of Administrative Remedies**
Pursuant to 28 U.S.C. § 1997e(a), no prisoner civil rights action shall be brought in federal court until all available administrative remedies are exhausted.  Exhaustion of administrative remedies is a precondition to suit, and the prisoner plaintiff must establish that he has exhausted the entire institutional grievance procedure in order to state a claim for relief.

A.    Place of Present Confinement:     FULTON COUNTY JAIL

B.    Is there a prisoner grievance procedure in this institution?

Yes ( ✓ )      No (  )

C.    Did you present the facts relating to your complaint under the institution's grievance procedure?

Yes ( ✓ )      No (  )

D.    If your answer is YES:
1.    What steps did you take and what were the results?
SUBMITTED MULTIPLE MEDICAL DENTAL REQUESTS ON NRAHCARE JAIL-PROVIDED FORMS
BEGINNING FEBRUARY 5, 2021. SUBMITTED MULTIPLE GRIEVANCES, MEDICAL GRIEVANCES,
AND EMERGENCY MEDICAL GRIEVANCES MARCH 3, 2021; MARCH 15, 2021; MARCH 17, 2021,
MARCH 19, 2021; APRIL 12, 2021; APRIL 18, 2021. I HAVE RECEIVED FOUR ROUNDS OF
DISCOUNTED ANTIBIOTICS AND OVER-THE-COUNTER TYLENOL.

2.    If your answer is NO, explain why not:     _____
_____
_____

**III. Parties**

(In item A below, place your name in the first blank and place your present address in the second blank.)

A. Name of Plaintiff: STEPHEN CHRISTOPHER PLUNKETT

FCJ ID # 1108377

Address(es): FULTON COUNTY JAIL, 901 RICE STREET, ATLANTA, GA 30318

(In item B below, place the full name of the defendant in the first blank, his/her official position in the second blank, and his/her place of employment in the third blank. Do the same for each additional defendant, if any.)

B. Defendant(s): (1) LABAT, (2) FULTON COUNTY JAIL, (3) NAPHCARE, (4) JACKSON, (5) SHEPARD, (6) DOE, JOHN or JANE, (7) DOE, JANE, (8) UNKNOWN DOES, (9) UNKNOWN DOES, (10) TECHCARE, (11) BRAZIEL, (12) CATHELENE ROBINSON

Employed as (1) SHERIFF, (2) MEDICAL FACILITY, (3) MEDICAL FACILITY/MEDICAL PROVIDER, (4) CHIEF JAILER, (5) DENTIST, (6) MEDICAL DIRECTOR, (7) DENTAL STAFF, (8) MEDICAL STAFF, (9) DENTAL STAFF, (10) MEDICAL FACILITY/PROVIDER, (11) OFFICER, (12) CLERK

at (1) FULTON COUNTY, (4) FULTON COUNTY JAIL, (5) NAPHCARE/FULTON COUNTY JAIL, (6) NAPHCARE/FULTON COUNTY JAIL, (7) NAPHCARE/FULTON COUNTY JAIL, (8) NAPHCARE/FULTON COUNTY JAIL, (9) NAPHCARE/FULTON COUNTY JAIL, (10) NAPHCARE/FULTON COUNTY JAIL, (11) FULTON COUNTY JAIL, (12) FULTON COUNTY SUPERIOR COURT

**IV. Statement of Claim**

State here as briefly as possible the facts of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates, and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

1. DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL/DENTAL NEEDS - 8TH AMENDMENT - STATE LAW CLAIMS.

✱ SEE ATTACHED VERIFIED COMPLAINT WHICH IS HEREBY FULLY INCORPORATED HEREIN BY REFERENCE.

Rev. 12/5/07

**IV.    Statement of Claim (Cont'd)**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**V.    Relief**
State briefly exactly what you want the Court to do for you.  Make no legal arguments.  Cite
no cases or statutes.

_____

SEE ATTACHED VERIFIED COMPLAINT WHICH IS FULLY INCORPORATED HEREIN BY
REFERENCE.

_____

_____

_____

_____

_____

_____

_____

V.     Relief (Cont'd)

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Signed this  22ND  day of  APRIL _____, 20 21 .

_____
Signature of Plaintiff

STATE OF  GEORGIA _____
COUNTY (CITY) OF  FULTON  (ATLANTA)

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED ON  April 22, 2021
                    (Date)

_____
Signature of Plaintiff

N. Notary Available

Rev 12 5 07

DECLARATION OF STEPHEN PLUNKETT IN SUPPORT OF REQUEST TO PROCEED IN FORMA PAUPERIS.

MY NAME IS STEPHEN CHRISTOPHER PLUNKETT. I AM 46 YEARS OLD AND OF SOUND MIND. I AM THE PLAINTIFF IN THIS 42 U.S.C. §1983 ACTION. I MAKE ALL OF THE FOLLOWING STATEMENTS UNDER PENALTY OF PERJURY AND WITH PERSONAL KNOWLEDGE OF SAME:

I HAVE ATTACHED THE MOST RECENT ACCOUNT STATEMENTS I HAVE COVERING THE PERIOD OF MARCH 10, 2020 THROUGH FEBRUARY 5, 2021. I HAVE ALSO ATTACHED AN ACCOUNT "CERTIFICATION" COMPLETED ON FEBRUARY 5, 2021. THIS ACCOUNT CERTIFICATION CONTAINS SUBSTANTIALLY THE SAME INFORMATION AS ITS FEDERAL COUNTERPART AND WAS COMPLETED BY AN OFFICIAL AT THE FULTON COUNTY JAIL ON FEBRUARY 5, 2021.

I HAVE SUBMITTED THIS INFORMATION FOR CONSIDERATION BY THIS HONORABLE COURT IN RELATION TO MY REQUEST TO PROCEED IN FORMA PAUPERIS IN THIS ACTION DUE TO BOTH THE URGENT NATURE OF SOME OF THE RELIEF SOUGHT BY ME AND THE DIFFICULTY IN OBTAINING SUCH INFORMATION FROM THE FULTON COUNTY JAIL. SHOULD THE COURT GRANT ME THE LEAVE TO AMEND MY COMPLAINT AS REQUESTED THEREIN, I PLAN TO ADDRESS THAT AS ONE OF THE ISSUES RELATED TO MY ACCESS TO THE COURTS CLAIMS. IT CAN TAKE WEEKS TO RECEIVE ACCOUNT DOCUMENTS IF, INDEED, EVER RECEIVED AT ALL.

All of the representations made by me in the Court's form "Affidavit in Support of Request to Proceed In Forma Pauperis" are true and correct. My financial situation has not substantially changed since February 5, 2021 and the Fulton County Jail documents of that same date are genuine and reflect my overall financial position as the Beneficiary of monthly support from family and friends.

Further, all of the averments contained in "Plaintiff's Verified Complaint Pursuant to 42 U.S.C. §1983 and Other State Law Claims. Application for Emergency Injunction/TRO." submitted herewith are true and correct under the penalty of perjury. Notary services are another issue and it could take days or weeks to secure.

I will, however, proceed with all due diligence to secure both updated account documents and notary services to verify my documents. Should the Court require it, I will supplement these filings with same.

I do hereby declare and affirm under penalty of perjury that all of the foregoing is true and correct.

Respectfully Declared, Affirmed, Signed and submitted this 23rd Day of April, 2021.

1108377
Fulton County Jail
901 Rice Street
Atlanta, GA 30318

Stephen C. Plunkett
Declarant-Plaintiff

2